# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LAURIE A. PARENTE,

 **Plaintiff,**          **CASE NO.:**

v.                8:15 cv2602T35T6w

LVNV FUNDING LLC, and
ANDREU, PALMA & ANDREU, PL,

 **Defendants.**

_____/

## COMPLAINT

Plaintiff, Laurie A. Parente, by and through undersigned counsel, sues Defendants LVNV Funding LLC and Andreu, Palma & Andreu, PL, and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

1



## PARTIES

4. Plaintiff Laurie A. Parente ("Parente" or "Plaintiff") is a natural person who resides in Pasco County, Florida. Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

5. Defendant, LVNV Funding, LLC ("LVNV" or "Creditor Defendant"), is a Delaware corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72. and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6).

6. Defendant, Andreu, Palma, & Andreu, PL ("APA" or "Collector Defendant") is a Florida corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72. and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6).

7. Defendants, in the conduct of their business, use one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

8. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

9. At all relevant times, APA was the agent for LVNV and acted on LVNV's behalf and at LVNV's direction.

## FACTUAL ALLEGATIONS

10. Plaintiff Laurie Parente does not owe LVNV or APA any money. Yet, despite knowing that she does not owe any money, LVNV and APA are continuing to try to garnish Plaintiff's wages.

11. For years, Plaintiff has dealt with a case of mistaken identity. There is another woman with the same name - Laurie A. Parente - who has had some financial troubles.

12. Plaintiff is employed by a company called The Visual Spectrum.

13. In approximately mid-March 2015, while at work Plaintiff received a telephone call from Defendants collecting a debt owed to LVNV.

14. During that phone call, Plaintiff explained that she did not owe Defendants any money and that there was another Laurie A. Parente who might owe the money.

15. Approximately two weeks later, Plaintiff received another phone call from Defendants. Plaintiff answered the phone and the caller asked to speak with Ms. Parente, unaware that she already was. Plaintiff asked what the call was regarding and Defendants' representative explained that it was regarding updating loan information. At that time, Plaintiff identified herself as Ms. Parente and the caller said that the call was just about "job verification" and terminated the call.

16. Approximately one week later, a process server appeared at The Visual Spectrum, Plaintiff's place of employment, and loudly announced that she was there to serve Visual Spectrum with a writ of garnishment for an employee. The writ of garnishment did not include a social security number, instead only identifying the social security number as "xxx-xx-xxxx."

17. This caused Plaintiff severe embarrassment in front of her co-workers as she had to explain to her employer of 26 years that she did not owe Defendants any money and that they had issued a writ of garnishment to the wrong Laurie A. Parente, despite having knowledge about the other Ms. Parente.

18. Plaintiff immediately contacted an attorney to address the writ of garnishment on behalf of her employer. That attorney filed an answer and a motion for sanctions in the garnishment action pending in the county court for Hernando County, Florida.

19. Further, on April 14, 2015, that attorney informed APA by e-mail that it was pursuing a garnishment against the wrong Laurie A. Parente by comparing the social security numbers of the two. Plaintiff's attorney also provided APA with Plaintiff's pay stub and driver's license information.

20. The attorney received no response from APA for nearly two weeks.

21. On April 27, 2015, after re-sending the April 14th e-mail, Jorge Palma of APA responded by e-mail, stating that "I have reviewed and will be dissolving the garnishment."

22. The garnishment was not dissolved and remains open against Plaintiff and her employer.

23. As detailed below, that conduct constitutes a violation of the FDCPA and FCCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT LVNV

24. This is an action against LVNV for violation of Fla. Stat. § 559.55 *et seq.*

25. Plaintiff re-alleges and incorporates paragraphs 1 through 23, as if fully set forth herein.

26. LVNV communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

27. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

28. Through its conduct, described above, LVNV directly and through its agents violated the above sections of the FCCPA.

29. All conditions precedent to this action have occurred, have been satisfied or have been waived.

30. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, LVNV is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

31. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

32. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against LVNV, finding that LVNV violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FDCPA BY DEFENDANT LVNV

33. This is an action against Defendant LVNV for violation of 15 U.S.C. § 1692 *et seq.*

34. Plaintiff re-alleges and incorporates paragraphs 1 through 23, as if fully set forth herein.

35. Through the conduct described, Defendant, either directly or through its agent, violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

36. As a result of LVNV's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

37. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that LVNV has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE FCCPA BY DEFENDANT APA

38. This is an action against APA for violation of Fla. Stat. § 559.55 *et seq.*

39. Plaintiff re-alleges and incorporates paragraphs 1 through 23, as if fully set forth herein.

40. APA communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

41. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

42. Through its conduct, described above, APA directly and through its agents violated the above sections of the FCCPA.

43. All conditions precedent to this action have occurred, have been satisfied or have been waived.

44. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, APA is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

45. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

46. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against APA, finding that APA violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

### VIOLATION OF THE FDCPA BY DEFENDANT APA

47. This is an action against Defendant APA for violation of 15 U.S.C. § 1692 *et seq*.

48. Plaintiff re-alleges and incorporates paragraphs 1 through 23, as if fully set forth herein.

49. Through the conduct described, Defendant APA, either directly or through its agent, violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### 15 U.S.C § 1692e

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

50. As a result of APA's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. §

1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

51. All conditions precedent to this action have occurred, have been satisfied or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that APA has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: November 5, 2015

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff