**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LAURIE A. PARENTE,

                                     **Case No.: 8:15-CV-02602-MSS-TGW**

       Plaintiff,

v.

LVNV FUNDING, LLC and
ANDREU, PALMA, & ANDREU, PL,

       Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW, Defendant, LVNV Funding LLC, ("LVNV" and/or "Defendant"), by and through its undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

1. Admitted that Plaintiff seeks relief under the named statutes but denied that Plaintiff is entitled to any relief thereunder.

2. Admitted for jurisdiction purposes only. Otherwise, denied.

3. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

4. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

5. Defendant admits that it is a Delaware corporation and does business within the State of Florida and denies all remaining allegations in this paragraph.

6. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

7.  Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

8.  Denied.

9.  Denied.

### Factual Allegations

10. Denied.

11. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

12. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

13. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

14. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

15. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

16. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

17. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

18. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

19. Admitted that Defendant received an email from an attorney alleging that APA was pursuing a garnishment against the wrong Laurie A. Parente, and that the attorney provide other information to APA; otherwise denied.

20. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

21. Admitted.

22. Denied.

23. Denied.

## **Count I**

24. Admitted that Plaintiff brings this action against LVNV for alleged violations of the FCCPA. Denied that Plaintiff is entitled to such relief.

25. Defendant reasserts its responses to paragraphs 1 through 24 of Plaintiff's Complaint as stated above.

26. Denied.

27. Admitted that Plaintiff brings this action for alleged violations of the FCCPA against LVNV. Denied that Plaintiff is entitled to such relief.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## Count II

33. Admitted that Plaintiff brings this action against LVNV for alleged violations of the FDCPA. Denied that Plaintiff is entitled to such relief.

34. Defendant reasserts its responses to paragraphs 1 through 33 of Plaintiff's Complaint as stated above.

35. Admitted that Plaintiff brings this action for alleged violations of the FDCPA against LVNV. Denied that Plaintiff is entitled to such relief.

36. Denied.

37. Denied.

## Count III

38. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV.  As such, no response is required thereto.  To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.


39. Defendant reasserts its responses to paragraphs 1 through 38 of Plaintiff's Complaint as stated above.

40. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV.  As such, no response is required thereto.  To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

41. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV.  As such, no response is required thereto.  To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

42. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV. As such, no response is required thereto. To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

43. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV. As such, no response is required thereto. To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

44. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV. As such, no response is required thereto. To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

45. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV. As such, no response is required thereto. To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

46. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV. As such, no response is required thereto. To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

## Count IV

47. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV. As such, no response is required thereto. To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

48. Defendant reasserts its responses to paragraphs 1 through 47 of Plaintiff's Complaint as stated above.

49. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV.  As such, no response is required thereto.  To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

50. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV.  As such, no response is required thereto.  To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

51. This paragraph of Plaintiff's Complaint is not aimed at the responding Defendant, LVNV.  As such, no response is required thereto.  To the extent a response to this paragraph of Plaintiff's Complaint is required, Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendants.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that any violation of state or federal law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

### FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff(s) or others, and does not give rise to any claim of damages against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Defendant states that with regard to any declaratory and injunctive relief sought by Plaintiff(s), such claims are barred because Plaintiff has an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations found in the FDCPA and/or FCCPA.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's state law claim(s) may be barred in whole or in part by the doctrine of litigation immunity.  *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So.2d 380, 384 (Fla.2007).

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted by:

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
 /s/ Charles J. McHale
CHARLES J. MCHALE, ESQ**.**
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 28, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Charles J. McHale_____
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555